UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN C. JOHNSON,

       Plaintiff,

    v.                             25-CV-653 (JLS)

EXPERIAN INFORMATION
SERVICES LLC,

       Defendant.

_____

## DECISION AND ORDER

*Pro se* Plaintiff Brian Johnson commenced this action, in which he seeks relief for violation of his rights under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*), the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*), and the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801 *et seq.*). Dkt. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). Dkt. 2. Because he meets the requirements of 28 U.S.C. § 1915(a), the Court grants him permission to proceed IFP. The Court, therefore, screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons below, Plaintiff's complaint is dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B), but he may file an amended complaint as set forth below.

1

## DISCUSSION

### I.    Legal Standards

#### A.    Review Under the IFP Statute

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  A court shall dismiss a complaint in a *pro se* civil action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

#### B.    Pleading Standard

When evaluating the complaint, a court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).  "Specific facts are not necessary," and a plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  Courts must "construe [*pro se*] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint does not comply with Rule 8 if it supplies only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor is it sufficient for a complaint to contain "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

### C. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend, or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation and internal quotation marks omitted). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. Plaintiff's Claims

Plaintiff alleges that, over a number of years, Experian Information Services LLC, a credit reporting agency ("CRA"), has failed to conduct reasonable investigations into disputed items in his credit file and published in his credit report. Dkt. 1 at 4, 6. He alleges that he made "repeated and documented efforts to dispute inaccurate, incomplete, and unverifiable items," but Experian "repeatedly failed to conduct a reasonable investigation, failed to correct or delete inaccurate entries, and continued to report information that has caused Plaintiff serious harm." Dkt. 1 at 6.

3

Plaintiff has tried to resolve the issues with Experian by filing a formal complaint with the Consumer Financial Protection Bureau and disputing inaccurate or unverifiable items directly with Experian. *Id.* Experian responded to his formal complaint, but Plaintiff alleges it did not resolve the disputes. *Id.*; *see* Dkt. 1 at 12–13.[1] Despite accounts being marked as "disputed by customer" multiple accounts remain on the report with "harmful or outdated information." *Id.*; Dkt. 4; Dkt. 6.[2]

As a result of the continued inaccurate reporting of Plaintiff's credit score, he was denied mortgage approval, auto financing, and other lines of credit. *Id.*; *see generally* Dkt. 5. These denials have forced him to "rely on public transportation, negatively affecting his ability to secure employment, attend appointments, and care for his three children." Dkt. 1 at 6. Moreover, he alleges that Experian's failure to investigate and failure to correct false credit entries has caused him ongoing stress leading to "emotional exhaustion, anxiety, and harm to his mental well-being." *Id.*

Plaintiff brings this suit under the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and the Gramm-Leach-Bliley Act

---

[1] Plaintiff does not provide the contents of his formal complaint, or any explanation he received from the Consumer Financial Protection Bureau as to why the complaint was closed.

[2] Plaintiff provides supplemental filings including numerous screenshots of account disputes and resolutions of disputes. His additional filings include cover pages detailing what is included, but there is no label or description on each "exhibit." It is unclear which accounts are shown and what the Plaintiff wants the Court to observe through these additional filings. *See* Dkt. 4; Dkt. 6.

(GLBA). *Id.* He seeks relief in the form of a permanent injunction against the Defendant, and $250,000 to $500,000 in statutory, actual, and punitive damages. Dkt. 1 at 5, 7.

## III. Analysis

After reviewing Plaintiff's complaint and supplemental filings, the Court determines that he attempts to allege the following claims: FCRA claims under (1) Section 1681e(b) for failure to follow reasonable procedures; (2) Section 1681i(a) for failure to reinvestigate; (3) Section 1681s-2 for failure to fulfill responsibilities as a furnisher of information; (4) Section 1681c for reporting accounts charged-off; and (5) Section 1681n for willful noncompliance with the aforementioned sections.[3] He also claims relief under the FDCPA (15 U.S.C. §§ 1692 *et seq.*), and the GLBA (15 U.S.C. §§ 6801 *et seq.*).[4]

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). As a result, certain duties are imposed on credit reporting agencies ("CRAs") to "ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Adams v.*

---

[3] Plaintiff references various sections of the FCRA throughout his supplemental materials. These claims encompass the list of "counts" he provides in his most recent filing. *See* Dkt. 6 at 1.

[4] Plaintiff only references the FDCPA and GLBA in his initial complaint. His supplemental filings only reference the FCRA. *See* Dkt. 4 at 1; Dkt. 6 at 1. However, this Court will address all grounds for relief for screening purposes.

*Credit Acceptance Corp. et al.*, No. 25-CV-410-JLS-HKS, 2026 WL 1494914, at *2 (W.D.N.Y. Mar. 30, 2026) (citations omitted).

### A.      Failure to Follow Reasonable Procedures: Section 1681e(b)

First, Plaintiff asserts a Section 1681e(b) violation, stating that Experian "fail[ed] to follow reasonable procedures to ensure maximum possible accuracy of credit reporting information they reported about [him]." Dkt. 1 at 4.

Whenever a consumer reporting agency prepares a consumer report "it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Adams*, 2026 WL 1494914, at *2 (internal quotations and citations omitted); 15 U.S.C. § 1681e(b). To establish a Section 1681e(b) violation, "a complaint must allege that: (1) the CRA was negligent [or willful] in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the CRA reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the CRA's negligence proximately caused the plaintiff's injury." *Adams*, 2026 WL 1494914, at 3 (quoting *Keane v. Early Warning Servs., LLC*, No. 24-CV-6108-DLC, No. 25-CV-3411-DLC, 2026 WL 685842, at *2 (S.D.N.Y. Mar. 11, 2026)).

A plaintiff must first establish the inaccuracy of the CRA report. *See id.*; *Finman v. Trans Union, LLC, et al.*, No. 23-CV-3537-ENV-VMS, 2026 WL 1173719, at *3 (E.D.N.Y. Apr. 30, 2026) ("the threshold question is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary."). A

credit report is inaccurate "'either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Mader v. Experian Info. Solutions, Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (quoting *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021)). The alleged inaccuracy must be "objectively and readily verifiable." *See Hintermaier v. Equifax Info. Servs., LLC, et al.*, No. 24-CV-9697-ALC-RFT, 2026 WL 82479, *4 (S.D.N.Y. Jan. 12, 2026) (finding disputes regarding loan balances, pre-discharge delinquency, and collection history were objectively and readily verifiable); *Mader*, 56 F.4th at 269 (holding that the alleged inaccuracy was not objectively or readily verifiable because it involved a live legal dispute about whether Plaintiff still owed the student loan debt the CRA reported). Conclusory statements about the accuracy of the reports do not state a plausible claim for relief. *See Keane*, 2026 WL 685842, at *3.

Here, Plaintiff alleges that Experian "fail[ed] to follow reasonable procedures to ensure maximum possible accuracy of credit information they reported about [him]" and provides screenshots which he labels "unverifiable" and "inaccurate." Dkt. 1. Plaintiff further asserts in his supplemental papers that Experian has published "contradictory balances," "late payments after closure," and labeled items "past due" even after charge-offs. *See* Dkt. 4; Dkt. 6.[5] The screenshots contained in

---

[5] When a plaintiff proceeds *pro se*, the Court may consider materials outside the complaint, including plaintiff's other submissions to the court. *Weeden v. Liberty Mut. CCS Collections*, No. 24-cv-1258-LJV, 2026 WL 647900, at *1 n. 2 (W.D.N.Y. Feb. 27, 2026).

7

the supplemental papers do not draw attention to what the Plaintiff claims is inaccurate, unverifiable, or at issue. *See* Dkt. 4; Dkt. 6. He does not provide, for example—statements from the loan or credit providers, the findings of his many disputes, or any information suggesting the reporting is inaccurate. Even with the screenshots submitted, Plaintiff does not establish the inaccuracy of the reports and thus does not establish a plausible claim for relief. Therefore, Plaintiff's Section 1681e(b) claim is dismissed, but with leave to amend. Plaintiff may file an amended complaint that alleges, to the extent he can, facts stating a viable Section 1681e(b) claim consistent with the standard above.

### B.    Failure to Conduct a Reasonable Reinvestigation: Section 1681i(a)

Plaintiff also alleges that Experian "fail[ed] to correct or delete inaccurate entries" or conduct a reasonable reinvestigation as required under Section 1681i(a) because the disputes have been marked complete, without any change or deletion of entries in his credit file. *See* Dkt. 1 at 6. Section 1681i "outlines reinvestigation procedures that must be followed when there is disputed information in a credit file." *Keane,* 2026 WL 685842, at *3. When a customer disputes the completeness or accuracy of any information contained in a consumer's file, the CRA must conduct a reasonable reinvestigation to "determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." *Id.*; 15 U.S.C. §1681i(a)(1)(A).

To state a Section 1681i claim based on negligence, "a complaint must allege that: (1) the plaintiff's credit report contains inaccurate or incomplete information;

8

(2) the plaintiff notified the CRA directly about the inaccurate or incomplete information; (3) the plaintiff's dispute is not frivolous or irrelevant; and (4) the CRA failed to respond to the plaintiff's dispute with a reasonable reinvestigation." *Keane*, 2026 WL 685842, at *3; *see, e.g.*, *Cohen v. Equifax Info. Servs., LLC*, No. 18-CV-6210, 2019 WL 5200759, at *5 (S.D.N.Y. Sept. 13, 2019), *aff'd*, 827 F. App'x 14 (2d Cir. 2020). To establish a willful violation, "a plaintiff must additionally allege that the CRA's interpretation of its reinvestigation procedures was 'objectively unreasonable.'" *Ahmad v. Experian Info. Solutions, Inc.*, No. 23-CV-2222-LJL, 2023 WL 8650192, at 6 (S.D.N.Y. Dec. 14, 2023) (citation omitted).

Similar to a Section 1681e(b) claim, a plaintiff must first plead specific facts which support his allegations that the information a defendant reports is inaccurate. *See Viverette v. Experian*, No. 21-CV-6989-LTS, 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (finding the plaintiff failed to plead an essential element of a Section 1681i claim because she did not specify and explain why disputed information was false). As established above, Plaintiff has not successfully alleged the inaccuracy or incompleteness of information contained in his Experian credit report and file. *See supra* Section III.A.

Moreover, Plaintiff only provides conclusory statements that Experian failed to conduct a reasonable reinvestigation. *See* Dkt. 1 at 6; Dkt. 4 at 1; Dkt. 6 at 1. When claiming unreasonable procedures, "something more" is needed, given that a plaintiff is entitled to ask under the FCRA, for a CRA "to provide a description of the procedures used to reinvestigate the dispute." *See Finman*, 2026 WL 1173719,

9

at *4 (internal quotations omitted) (finding conclusory statements that two CRAs did not timely evaluate or consider the plaintiff's dispute letter, or make an attempt to substantially or reasonably verify the contested information did not establish the unreasonableness of the investigation). Without any allegations as to what Defendant did in the course of reinvestigating, "the Court cannot assess the reasonableness of Defendant's reinvestigation procedure." *Ahmad*, 2023 WL 8650192, at *6 (citations omitted). Because Plaintiff only makes conclusory statements regarding the inaccuracy of the credit file, and makes no allegations as to Experian's procedures, the Court dismisses Plaintiff's Section 1681i claim, with leave to amend.

### C.    Reporting Regarding Charged-off Accounts: Section 1681c

Plaintiff alleges illegal re-aging of charged-off accounts. *See* Dkt 4 at 1; Dkt. 6 at 1. The Court interprets this allegation as a Section 1681c claim. Section 1681c(a) outlines information that must be excluded from consumer reports. *See* 15 U.S.C. §1681c(a). One of these items is "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." *See Wimberly v. Experian Info. Solutions, Inc.*, No. 18-CV-6058-KPF, 2019 WL 6895751, at *3 (S.D.N.Y. Dec. 18, 2019); 15 U.S.C. § 1681c(a)(4). A plaintiff must allege that (1) "the [CRA] included 'accounts placed for collection or charged to profit and loss' and (2) that these accounts 'antedate the report by more than seven years.'" *Williams v. Trans Union LLC*, 759 F. Supp. 3d 336, 340–41 (D.Conn. 2024) (internal quotations omitted); *Rivera v. Experian*, No. 3:22-CV-1039-MPS, 2026 WL 622608, at *5

(D.Conn. Mar. 5, 2026) (dismissing a Section 1681c claim because the plaintiff did not allege that any of the information antedated the report by more than seven years). The seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity." *Id.* at 341 (quoting 15 U.S.C. § 1681c(c)(1)).

Plaintiff has not alleged that this disputed account is more than seven years old, or that the delinquency occurred more than seven years prior to the July 2025 credit reports published. Plaintiff claims only that Defendant continues to report charge-offs from 2021 to 2025. *See* Dkt. 4 at 1, 12; Dkt. 6 at 1, 13, 15–16. These allegations are conclusory.

Moreover, Plaintiff's attached exhibits contradict his allegations regarding whether Experian has reported the credit lines beyond the statutory allowance. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (explaining that allegations are not assumed to be true when contradicted by documentary evidence). A review of Plaintiff's attached screenshots indicates that Plaintiff opened the Green Dot account on August 13, 2018. *See* Dkt. 4 at 12; Dkt. 6 at 15. There are exactly six years, ten months, and 27 days between the July 10, 2025 credit report and August 13, 2018 opening of the Green Dot account. *See* Dkt. 5 at 2–3 (showing the latest credit report was published July 10, 2025 by Experian for Bank of America); Dkt. 6 at 15 (showing an updated report of the Green Dot account in December 2025). Further, the statutory time only begins when the 180-day period which immediately proceeded the charge-off which, in Plaintiff's case, would

11

be August 2021. *See Williams*, 759 F. Supp. 3d at 341; 15 U.S.C. § 1681c(c)(1). Thus, Experian was within the statutory time allowance to report this information. Therefore, the Court dismisses Plaintiff's 1681c claim, with leave to amend. In Plaintiff's amended complaint, to the extent possible, he may set forth allegations regarding the reporting of other accounts he believes exceed the statutory allowance.

### D.    Requirements of Furnishers: Section 1681s-2

Plaintiff references "FRCA § 623(a)(5)" in his supplemental materials; the Court interprets this reference as a 1681s-2 claim.[6] Dkt. 6 at 1. A Section 1681s-2 claim may be brought against a "furnisher." *See Perez v. Experian, et al.*, No. 20-CV-9119-PAE-JLC, 2021 WL 4784280, at *5–8 (S.D.N.Y. Oct. 14, 2021). Furnishers are "individuals or companies which supply data to [credit reporting agencies] to generate a credit report." *Weeden v. Liberty Mutual CCS Collections*, No. 24-CV-1258-LJV, 2026 WL 547900, at *2 (W.D.N.Y. Feb. 27, 2026) (internal quotations and citations omitted); *Perez*, 2021 WL 4784280, at *5. Furnishers are obligated to provide accurate information and correct inaccurate information under Section 1681s-2(a), and to conduct an investigation after receiving notice of a dispute from a CRA under Section 1681s-2(b). However, there is no private cause of action for alleged violations of Section 1681s-2(a). *See Perez*, 2021 WL 4784280, at *6; *see, e.g., Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]he statute plainly restricts enforcement of that provision to federal and state

---

[6] Fair Credit Reporting Act § 623 was codified as 15 U.S.C. § 1681s-2.

authorities."). Thus, the court construes Plaintiff's 1681s-2 claim as a 1681s-2(b) claim.

First, a plaintiff must establish that the defendant is a furnisher of information, as defined above. *Perez*, 2021 WL 4784280, at *6. Then a plaintiff must allege "that (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in willful or negligent noncompliance with the statute." *Id.* (citations and internal quotations omitted).

Even if Plaintiff did allege that Experian was a furnisher of information under Section 1681s-2(b), "credit reporting agencies do not have a duty under §1681s-2(b)." *Id.* at *7 n. 9, 8. Because Plaintiff failed to allege that Experian is a furnisher of information, he fails to state a plausible Section 1681s-2(b) claim. *See id.* at *7–8. Therefore, the Section 1681s-2 claims are dismissed, with leave to amend.

### E.    Willful Noncompliance: 1681n

Section 1681n provides for private rights of action under the FCRA for willful noncompliance "with any requirement imposed" by other provisions of the statute. *Perez*, 2021 WL 4784280, at *11. A mere assertion that the violation was willful is insufficient. *Id.* The plaintiff's complaint "'must allege specific facts as to the defendant's mental state' when the defendants committed the violation of the FCRA." *Id.* (quoting *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014)) (finding the plaintiff did not adequately alleged willful noncompliance through conclusory statements such as, the CRAs deliberately and maliciously

misreported his credit accounts, and participated in a deliberate scheme to inaccurately report his accounts with other defendants). Evidence of a "reckless disregard" for statutory duties satisfies the willfulness requirement. *Id.*; *Safeco*, 551 U.S. 47, at 56–57. To constitute reckless disregard, "a CRA's interpretation of its statutory duties must be 'objectively unreasonable,' not merely 'erroneous.'" *Perez*, 2021 WL 4784280, at *11 (quoting *Safeco*, 551 U.S. 47, at 59).

A plaintiff cannot state a claim under Section 1681n unless the plaintiff has shown that the defendant has violated another FCRA provision. *See Lesendro v. Experian*, No. 3:25-CV-154-AWT, 2025 WL 3043348, at *9 (D.Conn. Oct. 31, 2025) (dismissing a *pro se* plaintiff's complaint under Section 1915); *Cohen v. Equifax Info. Servs., LLC, et al.*, 827 Fed. Appx. 14, 18–19 (2d Cir. 2020) (affirming dismissal by the district court). Further, Plaintiff does not allege sufficient facts to establish that Experian's alleged actions were willful. Plaintiff only alleges that Experian made "continued updates after notice," "post-investigation publication[s]," and that there is a "pattern across multiple accounts." Dkt. 6 at 1. These statements do not express the state of mind of Experian when it allegedly failed to meet its statutory duties. *Perez*, 2021 WL 4784280, at *11. Therefore, the Court cannot draw a reasonable inference that the alleged violations were willful, or that Experian knew it recklessly disregarded its obligations to reinvestigate after Plaintiff's disputes. *Id.*

Because Plaintiff has not shown a violation of another FCRA provision, and does not allege sufficient facts to establish willfulness on behalf of the defendant,

any 1681n claims are dismissed, with leave to amend. In any amended complaint, Plaintiff must allege additional facts establishing Defendant's mental state, to the extent he can, consistent with the standards above.

**F.      Fair Debt Collection Practices Act: 15 U.S.C. §§ 1692 *et seq.***

Additionally, Plaintiff cites the FDCPA as a basis for relief. Dkt. 1. The FDCPA serves to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Adams*, 2026 WL 1494914, at *6. Consumers have a right of action under the FDCPA when a debt collector is deceptive or takes harassing action to collect debt. *See* 15 U.S.C. §§ 1692 *et seq*. To establish a violation under the FDCPA, three elements must be proven: "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt must be considered a 'debt collector;' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Adams*, 2026 WL 1494914, at *6 (citations and internal quotations omitted).

The FDCPA defines debt collectors as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "enforcement of security interests," "or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due." 15 U.S.C. § 1692a(6); *see id.* Credit reporting agencies like Experian do not collect debts and therefore, do not fall within the meaning of "debt collector" under the FDCPA. *See Perez*, 2021 WL 4784280, at *13.

Plaintiff does not allege that Experian is a debt collector, or that Experian has engaged in debt collecting activity. Therefore, Plaintiff fails to state a FDCPA claim against Experian. *See id.* Because Experian does not fall within the definition of "debt collector" any FDCPA claim is dismissed, without leave to amend.

### G.      Gramm-Leach-Bliley Act: 15 U.S.C. §§ 6801 *et seq.*

Plaintiff also proposes recovery under the GLBA. Dkt. 1 at 1, 4, 6. Section 6801 establishes that a financial institution may violate the GLBA if it fails to protect nonpublic personal information, such as Social Security numbers. *See* 15 U.S.C. § 6801; *Menton v. Experian Corp.*, No. 02-CV-4686-NRB, 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003). A GLBA violation is not alleged in Plaintiff's complaint or supplemental filings. *See* Dkt. 1; Dkt. 4, Dkt. 6. Even assuming that Plaintiff made such allegation, he has no right of action under the GLBA. *See* 15 U.S.C. §6805(a) ("this subchapter and the regulations prescribed thereunder shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction"); *see also Harkins v. Citizens Bank Nat. Assn*, 782 F. Supp. 3d 26, 37

(W.D.N.Y. 2025) (collecting cases). Therefore, any GLBA claim is dismissed, without leave to amend.

## H.    Leave to Amend

Plaintiff may file an amended complaint, as directed above. Any amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. In other words, the amended complaint must contain a "short and plain statement" of the relevant facts supporting each claim. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff must allege who violated his rights, how Defendant violated those rights, when and where such violations occurred, why Plaintiff is entitled to relief, and what type of relief Plaintiff seeks (*e.g.*, money damages, injunctive relief, or declaratory relief).

An amended complaint completely replaces the prior complaint in the case, and the prior complaint has no legal effect. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Plaintiff, therefore, must include all allegations regarding each claim, so that the amended complaint can stand on its own as the sole complaint that Defendant must answer.

## CONCLUSION

For the reasons above, Plaintiff's FCRA claims are dismissed with leave to amend. Any FDCPA and GLBA claims against Experian are dismissed without leave to amend. Plaintiff may file an amended complaint as directed above by no later than **August 17, 2026.**

17

## ORDER

In light of the above, IT IS HEREBY ORDERED that Plaintiff's IFP motion (Dkt. 2) is GRANTED; and it is further

ORDERED that Plaintiff's FDCPA and GLBA claims are DISMISSED, without leave to amend; and it is further

ORDERED that Plaintiff's FCRA claims are DISMISSED, with leave to amend; and it is further

ORDERED that Plaintiff may file an amended complaint, as directed above, by **August 17, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff a copy of the original complaint (Dkt. 1), the supplements to the complaint (Dkt. 4, 5, 6), and the instructions for preparing an amended complaint, together with a copy of this decision and order; and it is further

ORDERED that, if Plaintiff does not file an amended complaint as directed above, the Clerk of the Court shall close this case as dismissed, with prejudice, without further order; and it is further

ORDERED that, if the complaint is dismissed because Plaintiff does not file an amended complaint as directed above, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this decision and order would not be taken in good faith, and denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed IFP on appeal should be directed, on motion, to the United States Court of Appeals

for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate

Procedure; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address

changes. The Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated:      July 7, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

19